and seeks to foreclose defendant's equity of redemption in certain lands, for the purchase money whereof the note was given.

The decree was by default upon personal service, to the sufficiency of which no objection is made.

No exception was taken to any ruling of the court, and no motion made in the court below to correct the decree in any respect. We are asked by the appellant to reverse the judgment, because the petition was not entitled, "Petition in equity," and because it is claimed that too much interest was allowed in the decree, etc. These objections are not available to the appellant when made for the first time in this court. Rev. § 3545; *Pigman* v. *Deuny*, 12 Iowa, 396 ; *Robinson* v. *Sanders*, 14 id. 539 ; *Frieber* v. *Shafer*, 18 Iowa, 29 ; *McKinley* v. *Bechlet*, 12 id. 561 ; *Carleton* v. *Byington*, 17 id. 579.

*Mackey & Harned* for the appellants — *G. D. Woodin* for the appellee.

Affirmed.

---

## Jones v. Levi.

*Appeal from Dubuque District Court — Saturday, June 27.*

Suit in chancery, to cancel the lien of a certain decree of foreclosure upon certain property, and to enjoin a sale thereof. The relief prayed was granted, and defendant appealed. The case turned entirely upon questions of fact ; and the decree below was affirmed as being sustained by the evidence.

Beck, J., delivering the opinion.

*Mills & Graham* for the appellant — *Monroe & Deery* for the appellee.